NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARVEST INSTITUTE FREEDMAN FEDERATION, WILLIAM WARRIOR AND BLACK INDIANS UNITED LEGAL DEFENSE FUND,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5104

---

Appeal from the United States Court of Federal Claims in case no. 06-CV-907, Senior Judge Robert H. Hodges, Jr.

---

## ON MOTION

---

Before GAJARSA, MAYER, AND PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

The United States moves to summarily affirm the United States Court of Federal Claims' March 26, 2010

order denying the appellants' motion for reconsideration pursuant to 60(b) of the court's Rules. Harvest Institute Freedman Federation, et al. (Harvest) oppose.

Harvest's initial complaint sought declaratory and monetary relief for an alleged breach of various post-Civil War treaties. The treaties at issue were between the United States and five slave-owning tribes for the purpose of securing freedmen equal tribe membership. Under those treaties, if former slaves were made equal members of the tribe within two years of the treaty's signing, the United States would apportion money from a trust to the tribe. If the tribe did not adopt the freedmen within two years, the United States would hold the money in trust for freedmen that the United States moved involuntarily. Two years after their signing, no tribe actually acted in accordance with the treaty, and the United States did not remove any freedmen. It was not until the negotiation of various land allotment agreements between 1898 and 1902 with these tribes that freedman received an allotment of land.

On January 15, 2008, the Court of Federal Claims dismissed Harvest's complaint. The court held that the complaint had failed to state a claim because the treaties asserted did not vest the freedmen with property rights or impose any obligation on the United States. The court also held that the statute-of-limitations, 28 U.S.C. § 2501, would otherwise have barred Harvest's claims because any alleged claim regarding allocation of land or omission thereof would have started to accrue no later than 1902. This court affirmed the judgment without opinion on May 14, 2009.

Harvest subsequently filed a motion for reconsideration at the Court of Federal Claims, arguing that the United States Court of Appeals for the District of Colum-

bia's decision in *Cobell v. Salazar*, 573 F.3d 808 (D.C. Cir, 2009) created an intervening clarification in controlling law. On March 26, 2010, the Court of Federal Claims denied the motion, finding no intervening change in the law, and *Cobell* inapplicable to Harvest's complaint. Harvest filed an appeal seeking review by this court.

The United States urges this court to summarily dispose of this appeal on the grounds that *Cobell* is indisputably not an intervening change of controlling law. Summary affirmance "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). We agree with the United States that summary affirmance is warranted here.

Harvest appears to cite the *Cobell* case as new precedent that alters Federal Claims' judgment by establishing that the United States had breached fiduciary obligations to the freedmen and that the statute of limitations does not run against those claims. We agree with the United States that the case in question fails to support any of these propositions. The *Cobell* class-action suit resulted in multiple rounds of litigation between the United States District Court for the District of Columbia and the District of Columbia Circuit. In a decision that predates the Federal Claim's decision dismissing Harvest's complaint, the Secretary of the Interior was held to have breached fiduciary obligations toward beneficiaries of Individual Indian Money Trust accounts by failing to provide an adequate historical accounting of proceeds from land transactions. *See generally Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001). The 2009 *Cobell* decision Harvest relies on deals solely with issues regarding the proper scope and methodology for that accounting. Because the *Cobell* decision does not involve a money-mandating

claim, the treaties raised by Harvest in its initial complaint, or the statute of limitations for bringing a claim in the Court of Federal Claims, the determination that *Cobell* was not an intervening change of law is so clearly correct that summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to summarily affirm is granted.

(2)  Each side shall bear its own costs.

FOR THE COURT

**MAY 27 2011**

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

cc:  Percy Squire, Esq.
     Elizabeth Ann Peterson, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 27 2011

JAN HORBALY
CLERK